IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RUSTY WAGLEY, JR., #68668, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-02066-JPG |
| | ) | |
| SERGEANT B. THORTON, | ) | |
| CORPORAL TROXEL, | ) | |
| DEPUTY SNIDER, | ) | |
| DEPUTY FRANKLIN, | ) | |
| DEPUTY SMITH, | ) | |
| SHERIFF DIEDERICH, | ) | |
| CHIEF LINDLEY, and | ) | |
| WILLIAMSON COUNTY SHERIFF'S | ) | |
| OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Rusty Wagley, Jr., filed a Complaint under 42 U.S.C. § 1983 for constitutional deprivations that arose when Williamson County and Crainville officials allegedly used excessive force against him on December 18, 2023. (Doc. 1). He seeks money damages. *Id*. The Complaint is subject to review under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2).[1] Both standards require early screening of the Complaint and dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

---

[1] The standard of review depends on Plaintiff's status as a prisoner on the date he filed suit. *See* 28 U.S.C. § 1915(h) (defining "prisoner"). Section 1915A governs prisoner-filed civil complaints, while § 1915(e)(2) sets the standard for complaints filed by non-prisoners seeking *in forma pauperis* status. Although it is not clear whether the plaintiff was a prisoner on the filing date, the screening standards described in § 1915A and § 1915(e)(2) are the same, and the plaintiff's exact legal status can be sorted out as the case proceeds.

1

## The Complaint

Plaintiff makes the following allegations[2] in the Complaint (Doc. 1, pp. 6-7, 10-12): On December 18, 2023, Plaintiff was severely beaten by Williamson County officials and Crainville's police chief, after Plaintiff admitted to driving home with a revoked license. Once at home, Williamson County Sheriff's officials (Sergeant Thorton, Deputy Troxel, Deputy Snider, Deputy Franklin, Deputy Smith, Sheriff Diederich) and Crainville's Police Chief (Lindley) ordered him to sit down in a chair. When he did so, they placed him in handcuffs, punched him, and dragged him to the floor. Then, they shot him with a taser in the neck, legs, and genitals multiple times. The officers laughed as they tortured him and caused injuries. Plaintiff suffered a torn and dislocated shoulder, wounds that caused scarring, and emotional damage. Plaintiff was denied medical treatment for his injuries, and a "blotter picture" was used to conceal the injuries they inflicted during his arrest. *Id*.

## Discussion

The Court designates the following claims in the *pro se* Complaint:[3]

**Count 1:** Fourth and/or Fourteenth Amendment claim against Defendants for using excessive force against Plaintiff during his arrest on December 18, 2023.

**Count 2:** Fourth and/or Fourteenth Amendment claim against Defendants for denying Plaintiff medical treatment for injuries they inflicted during his arrest on December 18, 2023.

---

[2] The Court found the allegations difficult to follow but construed them liberally in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

[3] Plaintiff invokes the Fourth and Fourteenth Amendments in connection with both claims. An "arrestee" is subject to protection under the Fourth Amendment, while a "pretrial detainee" is subject to protection under the Fourteenth Amendment. *See Currie v. Chhabra*, 728 F.3d 626, 629-31 (7th Cir. 2013). Because the allegations suggest that Plaintiff was an arrestee when the events giving rise to both claims occurred, the Court analyzes Counts 1 and 2 under the Fourth Amendment standard. However, the same allegations support claims in Counts 1 and 2 against these defendants under the Fourteenth Amendment as well. Should additional discovery or factual development reveal that Plaintiff was a pretrial detainee during the relevant time, the Court notes that it would allow the same claims as alleged in the Complaint to proceed against the same defendants under the Fourteenth.

**Any other claim(s) mentioned in the Complaint but not addressed herein are dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

### Wiliamson County Sheriff's Office

Williamson County Sheriff's Office is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnick*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)). To the extent Plaintiff intended to bring a claim against the county instead, the Complaint states no claim upon which relief may be granted. *Id*. To do so, the plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the county. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 69-91 (1978); *see also Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). The pleading suggests no such thing. Williamson County Sheriff's Office shall be dismissed with prejudice from this action.

### Count 1

The Fourth Amendment's reasonableness standard governs claims against law enforcement for their use of force during a stop, arrest, or other seizure of a free citizen. *Dockery v. Blackburn*, 911 F.3d 458, 464 (7th Cir. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 395-96 (1989)). The application of physical force to a person's body with the intent to restrain is a seizure, regardless of whether the force subdues the person. *Torres v. Madrid*, 592 U.S. 306 (2021). Force is considered "reasonable only when exercised in proportion to the threat posed, and as the threat changes, so too should the degree of force." *Snukis v. Taylor*, 145 F.4th 734, 741 (7th Cir. 2025). An excessive force claim arises when an officer uses greater force than necessary to subdue the plaintiff. *Id*.

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The allegations articulate a claim against all officers involved in the seizure of Plaintiff from his home on December 18, 2023, including Sergeant Thorton, Deputy Troxel, Deputy Snider, Deputy Franklin, Deputy Smith, Sheriff Diederich, and Crainville Police Chief Lindley. Plaintiff alleges that he complied with the officers' orders to sit in a chair before they handcuffed him, knocked him to the floor, and shot him repeatedly with a taser. Count 1 shall receive further review against this defendant.

### Count 2

The objectively unreasonable denial of medical care supports a Fourth Amendment claim brought by an arrestee. *Currie v. Chhabra*, 728 F.3d 626, 629-30 (7th Cir. 2013) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). As with all § 1983 claims, liability is predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). An individual defendant will not be liable unless he or she "caused or participated" in a constitutional deprivation. *Id*. Plaintiff alleges that each of the officers caused or participated in inflicting injuries during his arrest on December 18, 2023. The injuries included a dislocated or torn shoulder and other wounds that caused scarring. They were obvious enough that officers used a "blotter photo" in place of his actual photo in their records to conceal the injuries. The Court will allow Plaintiff to proceed with Count 2 against all officers for their denial of medical treatment for the obvious and serious injuries they inflicted when arresting the plaintiff.

### Pending Motions

A.   **Motion for Leave to Proceed** *in forma pauperis*

Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **GRANTED** based on the financial information provided in his motion.

B.   **Motion for Recruitment of Counsel**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. An indigent plaintiff seeking representation by court recruited counsel must demonstrate: (a) reasonable efforts to locate counsel on his own; and (b) an inability to litigate the matter without representation. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has provided evidence of some efforts to find an attorney, in the form of two letters from lawyers or firms that denied his request for representation. However, he has not shown the Court that he needs court-recruited counsel. Plaintiff has competently represented himself to date, by filing a complaint that survived screening on both claims he brought against the defendants. He also filed supporting documentation to establish his indigence and to request counsel. There is nothing for Plaintiff to do until all Defendants appear and answer the Complaint. At that time, the Court will enter an Initial Scheduling and Discovery Order with instructions and deadlines for litigation. Plaintiff should review it carefully and follow all instructions and deadlines therein. He may renew his request for counsel by filing a new motion, if litigation becomes too difficult thereafter.

### Disposition

The Complaint (Doc. 1) survives screening as follows: **COUNTS 1** and **2** will receive further review against Defendants **THORTON, TROXEL, SNIDER, FRANKLIN, SMITH, DIEDERICH,** and **LINDLEY**, in their individual capacities. **Because this claim involves physical injuries that necessitated medical treatment, the Clerk's Office is DIRECTED to ENTER the standard HIPAA-Qualified Protective Order.**

Defendant **WILLIAMSON COUNTY SHERIFF'S OFFICE** is **DISMISSED** without prejudice because the Complaint fails to state a claim against this entity.

The Clerk of Court shall prepare for Defendants **THORTON, TROXEL, SNIDER, FRANKLIN, SMITH, DIEDERICH,** and **LINDLEY**: (1) Form 5 (Notice of a Lawsuit and

Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to the defendant's place of employment.  If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be kept in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file appropriate responsive pleadings to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

DATED: 1/12/2026

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file Answers to your Complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before the defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.